UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PRESSURE SYSTEMS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| AIRGO IP, L.L.C., AIRGO SYSTEMS, L.L.C., and ANTHONY INGRAM, | § § § § § | SA-07-CV-0498 FB (NN) |
| Defendants. | § § | |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
### (DOCKET ENTRY 16)

The matter before the Court is plaintiff's motion to compel, defendants' response and plaintiff's reply (documents 16, 17 and 18). The motion concerns requests for production, interrogatories and requests for admission.

In its motion, made pursuant to Federal Rule of Civil Procedure 37(a), plaintiff argues that defendants' responses to discovery requests are evasive and/or incomplete, and that certain of the objections to the discovery are without merit.

Insofar as plaintiff asks the Court to overrule the "general objection" which defendants made to each interrogatory, the motion is GRANTED. The general objection to each interrogatory states: "The fact that an interrogatory has been answered should not be taken as an admission or a concession of any facts set forth...or that such answer constitutes evidence of any facts set forth...." In support of their objection, defendants explain that: "Essentially, the general objection to which plaintiff takes issue states the Defendants' answers to interrogatories are subject to change if or when Defendants discover further applicable information." The Court agrees with this general statement, however, it does not

1

support the challenged objection.  The Rules not only allow defendants to modify their responses to the interrogatories, they require supplementation if defendants should discover new information.[1]  The possibility that the answer may be supplemented does not render the original interrogatory answer worthless.  The objection is overruled.

With respect to Interrogatory no. 5, the motion is DENIED.  The interrogatory presumes that Mr. Water's is an employee, which he may not be.  Furthermore, it appears that defendants produced the documents that discuss Waters' independent contractor status and the interrogatory is superfluous.

The motion to compel responses to Request for Admission Nos. 15 and 16 is DENIED.  Request for Admission No. 15 asks defendants to admit or deny that a third-party is angry with plaintiff, and No. 16 asks defendants to admit or deny whether that same third-party will continue to do business with plaintiff.  Plaintiff has not sufficiently explained the relevance of these requests to this case in that they involve the feelings or future business decisions of a third-party, and are beyond the realm of discoverable information from these defendants.

The motion is also DENIED as to Request for Admission No. 5 as I find that defendants have sufficiently answered the question.

The motion is also DENIED as to Request for Admission No. 17.  I agree with defendants that the term "marketed" is vague and ambiguous.

The last items requested through the motion to compel are both e-mails which defendants have withheld from production claiming they are work product and privileged.  The first is an e-mail from a non-attorney addressed to defendants' attorney in related Western District of Oklahoma litigation, that concerns a conversation the third-party had with a Mr. Burgess.  As the party seeking protection, defendants have the burden to demonstrate entitlement to the work product privilege.[2]  They have failed

---

[1] F.R.Civ.P. 26(e).

[2] **St. James Stevedoring Co., Inc. v.  Femco Mach. Co.**, 173 F.R.D. 431, 433 (E.D. La. 1997).

to do so. The subject e-mail appears to be merely a summary of a prior conversation between third-parties. The fact that counsel may have requested the summary does not entitle the e-mail to protection from disclosure as work product. Nevertheless, plaintiff has not explained the relevance of the e-mail to the claims or defenses in this litigation. The motion to compel is therefore DENIED as to the Hasbeek-Dooley e-mail.

The second item is an e-mail from defendants' attorney to Mark Naedler, a third-party who was a potential witness in the related litigation, in which defendants' attorney discusses his mental impressions of the litigation. Plaintiff argues that counsel's disclosure of his mental impressions concerning the PSI press plug to the potential witness constitutes a waiver of any privilege otherwise available to those mental impressions. I disagree. The communication to the potential witness is the very type of communication which the protection is intended to cover. Further, plaintiff failed to establish substantial need for the information so as to overcome the privilege.[3] Accordingly the motion to compel is DENIED as to the Dooley-Naedler e-mail.

Both parties have requested their fees and costs associated with the motion to compel. The requests are DENIED as their respective positions were substantially justified.[4]

It is so ORDERED.

**SIGNED** on November 26, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3] F.R.Civ.P. 26(b)(3).

[4] F.R.Civ.P. 37(a)(4).